**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WELLS FARGO BANK, N.A. et al., | |
| Plaintiffs, | 3:15-cv-00601-RCJ-VPC |
| vs. | |
| NADINA BEVERLY et al., | **ORDER** |
| Defendants. | |

This case arises out a homeowners' association foreclosure sale. Pending before the Court is a motion for summary judgment.

## I. FACTS AND PROCEDURAL HISTORY

In 2004, Gayle Farley gave lender Sierra Financial Mortgage, LLC ("Sierra") a promissory note ("the Note") for $296,800, secured by a deed of trust ("the DOT") against real property at 6360 Meadow Crest Circle, Reno, Nevada, 89509 ("the Property"). (Compl. ¶¶ 1, 18–19, ECF No. 1). The Federal National Mortgage Corp. ("Fannie Mae") purchased the Note (and the DOT followed by operation of law) in December 2004. (*Id.* ¶ 20). Farley quitclaimed her interest in the Property to the 2005 Gayle Weaver-Farley Family Trust ("the Trust") in 2006. (*Id.* ¶ 21). In 2009, Mortgage Electronic Registration Services, Inc. ("MERS") transferred its interest in the DOT to Wells Fargo Bank, N.A. ("Wells Fargo"), and Wells Fargo began to service the loan for Fannie Mae. (*Id.* ¶¶ 22–23).

In December 2012, Phil Frink & Associates, Inc. ("Frink") auctioned the Property under Nevada Revised Statutes section ("NRS") 116.3116 on behalf of Meadowridge Homeowners Association ("the HOA") to Nadina Beverly, as trustee of the Beverly-Blair Meadowridge Trust ("Beverly") for $16,000. (*Id.* ¶ 35). Gayle A. Kern, Ltd. ("Kern") had executed a notice of delinquent assessment lien on behalf of the HOA. (*Id.* ¶ 31). Wells Fargo transferred its interest in the DOT to Fannie Mae in June 2013. (*Id.* ¶ 41). In December 2013, Wells Fargo caused National Default Servicing Corporation to sell the Property at auction under NRS 107.080 to Fannie Mae for $331,286.24. (*Id.* ¶ 42).

Wells Fargo, Fannie Mae, and the Federal Housing Finance Agency ("FHFA") sued Beverly in this Court for a declaration that the Supremacy Clause and 12 U.S.C. § 4617(j)(3) prevented the Chapter 116 foreclosure from extinguishing the DOT, and to quiet title to that effect. Wells Fargo and Fannie Mae also brought an unjust enrichment claim against Beverly; a claim under NRS 116.1113 against the HOA, Kern, and Frink; a wrongful foreclosure claim against all Defendants; and a claim for declaratory relief against all Defendants that the Due Process Clause of the Fourteenth Amendment prevented the Chapter 116 foreclosure from extinguishing the DOT. Beverly filed a Counterclaim against Plaintiffs to quiet title in her favor. Plaintiffs have moved for offensive summary judgment on the due process issue, agreeing to voluntarily dismiss their other claims without prejudice if the Court were to grant the motion.

## II.   SUMMARY JUDGMENT STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See*

*id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). If the moving party meets its initial burden, the burden then shifts to the nonmoving party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the nonmoving party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the nonmoving party must go beyond the assertions and allegations of the pleadings and set forth specific facts by

producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmoving party is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the nonmoving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even where the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

**III. ANALYSIS**

Plaintiffs seek a declaration that the DOT was not extinguished by the Chapter 116 sale under *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) (ruling that Chapter 116's opt-in notice scheme is facially unconstitutional under the Due Process Clause of the Fourteenth Amendment). The Court is bound by *Bourne Valley* and must grant summary judgment to Plaintiffs on that basis if Defendants cannot show a factual dispute as to whether a constitutionally reasonable attempt at notice of the foreclosure sale was made.

The beneficiary of the Note and DOT at the time of the Chapter 116 sale according to the evidence adduced by Plaintiffs was Wells Fargo. (*See* Assignment of Sierra's Note and MERS'

DOT to Wells Fargo, ECF No. 45-1, at 16).[1] In opposition, Defendants have not produced any evidence of notice of the Chapter 116 sale having been given to Wells Fargo apart from publication, which is constitutionally insufficient. *See Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983).

For several reasons, Beverly's argument that she is a bona fide purchaser for value without notice ("BFP") fails. First, Beverly has argued under the common law that her legal title (the trustee's deed) taken for value without notice of any prior equity is superior to any such prior equity. But Wells Fargo's interest in the Property (the DOT) was legal, not equitable. *See US Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 3:15-cv-241, 2016 WL 4473427, at *9 & n.4 (D. Nev. Aug. 24, 2016) (Jones, J.). Second, in Nevada as elsewhere a recording statute has long superseded the common law BFP rule, and Beverly cannot benefit from Nevada's race-notice statute, both because the DOT was recorded before Beverly's trustee's deed, and because Beverly thereby had constructive notice of the DOT. *See id.* (citing Nev. Rev. Stat. §§ 111.315, 111.325). Third, a separate BFP-type statute Beverly might mean to invoke did not take effect until July 1, 2013, after the December 2012 sale at which Beverly purchased the Property. *See* S.B. 493 §§ 3.5(1), 4, 2013 Stat. Nev. 2173 (codified at Nev. Rev. Stat. § 111.180(1)). Fourth, Beverly is simply not a BFP under any statute or common law rule under the circumstances of this case. *See US Bank, N.A.*, 2016 WL 4473427, at *10 & n.5. Fifth, even if Beverly were a

---

1 Contrary to the allegations in the Complaint, Fannie Mae obtained its interest in the Note and DOT in June 2013, after the Chapter 116 sale. (*See* Assignment of Wells Fargo's Note and DOT to Fannie Mae, ECF No. 45-1, at 21). That is sufficient for Fannie Mae (and the FHFA as conservator) to have standing as to the due process issue, although it indicates that § 4617(j)(3) is not implicated in this case, where Fannie Mae had no interest in the Property at the time of the Chapter 116 sale.

BFP under state law, a state BFP rule can forgive excusable ignorance under state rules of priority, but it cannot obviate a federal due process violation.

The Court therefore grants offensive summary judgment on the quiet title claim and defensive summary judgment against the quiet title counterclaim. The Court need not address § 4617(j)(3) at this time, and Plaintiffs' remaining claims will be dismissed without prejudice.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 45) is GRANTED. Plaintiffs shall SUBMIT a proposed form of judgment consistent with this order within fourteen (14) days.

IT IS SO ORDERED.

Dated June 14, 2017

_____
ROBERT C. JONES
United States District Judge